Approved: _____15 MAG 2247_____   **ORIGINAL**
        SIDHARDHA KAMARAJU
        Assistant U.S. Attorney

Before:  HONORABLE SARAH NETBURN
         United States Magistrate Judge
         Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**DOC # 1**

- - - - - - - - - - - - - - - - - - - - - X
                                          :
UNITED STATES OF AMERICA                  :
                                          :
        - v. -                            :   **SEALED COMPLAINT**
                                          :
JAVIER JOAQUIN ALARCON PRADO,             :   15 Mag.
LUIS ARMANDO VALENCIA BAUTISTA, and       :
HECTOR VALENCIA BAUSTISTA,                :
                                          :
                        Defendants.       :
                                          :
- - - - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        ANDRES MAHECHA, being duly sworn, deposes and says that he is a Detective with the New York City Police Department (the "NYPD") and a Task Force Officer with the Department of Homeland Security ("HSI"), and charges as follows:

## COUNT ONE

(Conspiracy To Violate Maritime Drug Enforcement Laws)

        1. In or about June 2015, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, JAVIER JOAQUIN ALARCON PRADO, LUIS ARMANDO VALENCIA BAUTISTA, and HECTOR VALENCIA BAUTISTA, the defendants, who will be first brought to and enter the United States in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the maritime drug enforcement laws of the United States.

2.  It was a part and an object of the conspiracy that JAVIER JOAQUIN ALARCON PRADO, LUIS ARMANDO VALENCIA BAUTISTA, and HECTOR VALENCIA BAUTISTA, the defendants, and others known and unknown, would and did manufacture and distribute, and possess with intent to manufacture and distribute, a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1).

3.  The controlled substance that JAVIER JOAQUIN ALARCON PRADO, LUIS ARMANDO VALENCIA BAUTISTA, and HECTOR VALENCIA BAUTISTA, the defendants, conspired to manufacture and distribute, and possess with intent to manufacture and distribute, on board a vessel subject to the jurisdiction of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 46, United States Code, Section 70506(a).

(Title 46, United States Code, Sections 70506(b) & 70504(b)(1);
Title 18, United States Code, Section 3238.)

COUNT TWO

(Violation of Maritime Drug Enforcement Laws)

4.  In or about June 2015, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, JAVIER JOAQUIN ALARCON PRADO, LUIS ARMANDO VALENCIA BAUTISTA, and HECTOR VALENCIA BAUTISTA, the defendants, who will be first brought to and enter the United States in the Southern District of New York, manufactured and distributed, and possessed with intent to manufacture and distribute, while aboard a vessel subject to the jurisdiction of the United States, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers.

(Title 46, United States Code, Sections
70503(a)(1), 70504(b)(1), 70506(a);
Title 18, United States Code, Sections 3238 & 2.)

The bases for my knowledge and the foregoing charge are, in part, as follows:

5. I am a Detective with the NYPD and Task Force Officer with HSI. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my participation in the investigation, my conversations with other law enforcement agents, and my review of documents obtained during the investigation, I have learned, among other things, that:

 a. HSI has been investigating a Colombian drug cartel (the "Cartel") that sends shipments of cocaine to various points around the world by, among other methods, panga boats or "go-fasts." In or about June 2015, HSI received information that the Cartel was sending a go-fast carrying a large shipment of cocaine from Colombia towards Costa Rica. HSI passed that information on to the United States Coast Guard ("Coast Guard").

 b. On or about June 19, 2015, a Joint Interagency Task Force South aircraft (the "Aircraft") was on routine patrol approximately 300 nautical miles off the coast of the border between Costa Rica and Nicaragua. While there, an occupant of the Aircraft observed what appeared to be a go-fast (the "Go-Fast") traveling north. The Aircraft communicated this information to the Coast Guard, which dispatched a Coast Guard vessel (the "Cutter") to intercept the Go-Fast.

 c. The Cutter traveled to the area in which the Go-Fast had been reported, and launched its helicopter (the "Helicopter") and long-range interceptor patrol boat (the "Interceptor") to intercept the Go-Fast. The Helicopter fired warning shots at the Go-Fast, but the Go-Fast did not stop. The Helicopter then fired additional shots, which disabled the Go-Fast's engine.

 d. After the Go-Fast came to a stop, one of its occupants ("Occupant-1") slid over the starboard side of the vessel. The Helicopter then flew to the starboard side of the

3

Go-Fast, and one of the occupants of the Helicopter saw that Occupant-1 was hanging onto a rope and releasing two bales that were attached to the side of the Go-Fast. The bales, after being released, immediately sunk.

        e.    While the Helicopter was trying to get the Go-Fast, the Interceptor reached the Go-Fast. Occupants of the Interceptor (the "Boarding Team") boarded the Go-Fast, where they saw bales of 12 additional bales. A sample taken from the bales was field-tested, and tested positive for cocaine. In total, the 12 bales contained approximately 680 kilograms of cocaine.

        f.    The Boarding Team also found JAVIER JOAQUIN ALARCON PRADO, LUIS ARMANDO VALENCIA BAUTISTA, and HECTOR VALENCIA BAUTISTA, the defendants, onboard the Go-Fast. All three of the defendants claimed to be of Ecuadorian nationality.

        g.    In response to questioning by members of the Boarding Team, none of the defendants claimed to be the master or individual in charge of the Go-Fast. The Go-Fast was not flying any flag, nor did it have any signs of registry painted on the side of the vessel. The Boarding Team also did not find any registration documents onboard the Go-Fast.

WHEREFORE, the deponent respectfully requests that JAVIER JOAQUIN ALARCON PRADO, LUIS ARMANDO VALENCIA BAUTISTA, and HECTOR VALENCIA BAUTISTA, the defendants, be arrested, and imprisoned or bailed, as the case may be.

_____
ANDRES MAHECHA
Detective, NYPD


Sworn to before me this
29th day of June, 2015

_____
HONORABLE SARAH NETBURN
United States Magistrate Judge
Southern District of New York

4